**People ex rel. Andrew Russell, Auditor of Public Accounts, Complainant, v. Michigan Avenue Trust Company et al., Defendants.**

**In Re Intervening Petition of Elsie Ward (Petitioner), Appellee, v. John W. O'Leary, Receiver of Michigan Avenue Trust Company, and Equitable Trust Company (Respondents), Appellants.**

### Gen. No. 29,058.

1. ASSIGNMENTS—*title of assignee of chose in action.* Generally the assignee of a chose in action takes only the title of the assignor.

2. BANKING—*rights of real owner of bank deposit against pledgee of depositor.* Where the real owner of a bank deposit which stood in the name of another did not know of its assignment as collateral security by the depositor she was not estopped from asserting title thereto against the assignee, especially where it does not appear by the record that the assignee had been or will be injured in any way by the assertion of her claim.

Appeal by defendants from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Affirmed. Opinion filed June 30, 1924.

WINSTON, STRAWN & SHAW, for appellants.

WILL C. MOODY, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the respondent below from an order of the trial court granting the prayer of the petition of Elsie Ward for leave to intervene in an action brought by the Auditor of Public Accounts in the name of the People against the Michigan Avenue Trust Company, a banking corporation.

The material facts are not in dispute and are set forth in the order from which the appeal is taken.

Prior to July 14, 1921, one W. B. Ward had a bank account with the Michigan Avenue Trust Company. The petitioner, Elsie Ward, gave to him the sum of $1,470, which she had saved out of a rooming-house business in which she was engaged, to be deposited by him for her in this account. Prior to the time that the bank became insolvent W. B. Ward had checked out all the money remaining in the account which belonged to him, so that the entire balance was money which had been entrusted to him by the petitioner for the purpose of having it deposited in his account.

September 6, 1921, W. B. Ward made and delivered to the Equitable Trust Company an assignment of this account. Elsie Ward had no knowledge that this assignment of the account was to be made and did not consent thereto. The Equitable Trust Company did not have either notice or knowledge that Elsie Ward had any interest in the account at the time it received the assignment of it from W. B. Ward. The assignment was taken by it as collateral security for an indebtedness theretofore incurred by Ward to it.

The court found that Elsie Ward was the absolute owner free and clear of any right of W. B. Ward or the Equitable Trust Company to the claim against the bank growing out of the credit balance appearing up-

on its books and standing thereon in the name and to the credit of W. B. Ward. Subsequently to the making of the assignment W. B. Ward filed with the receiver a claim as a general creditor for whatever dividends might be paid and disbursed by the receiver. W. B. Ward, the court finds, had notice of the filing of the intervening petition of Elsie Ward and of the hearing thereof, but at no time appeared before the court during any of the hearings of the cause. He was not, however, made a party to the action and no service of legal process of any kind was ever had upon him.

Upon these facts the court decreed that the claim of W. B. Ward should be disallowed and held for naught; that the assignment of the claim by him to the Equitable Trust Company should be and the same was declared to be null and void and of no effect whatever, and that the said claim for the sum of $1,464.40 belongs to and is the property of the intervenor, Elsie Ward, and that the same should be allowed and approved as a general claim in favor of Elsie Ward and against the Michigan Avenue Trust Company and John W. O'Leary, receiver thereof, and the said receiver was ordered to pay this sum or such *pro rata* part thereof in dividends as the said Elsie Ward might be entitled to receive as the general creditor of the Michigan Avenue Trust Company, provided Elsie Ward should, before any payment was made to her or to her assignee or assignees, supply an indemnity bond or bonds equal to the sum of one and one-half times the amount of any money paid to her, her assignee or assignees, conditioned that she should indemnify and save the receiver harmless.

It is conceded by counsel that as a general rule the owner of property cannot be devested of his title thereto without his consent, and that the undisputed facts show that W. B. Ward held the title to this fund in controversy in trust for Elsie Ward. The general rule undoubtedly is that the assignee of such a chose in action takes only the title of the assignor. *Fawcett,*

*Isham & Co. v. Osborn, Adams & Co.*, 32 Ill. 411; *Drain v. La Grange State Bank*, 303 Ill. 335, are only a few of many cases that might be cited to this effect. Respondent, however, cites a number of cases tending to show that the real owner may, under certain circumstances, be estopped to assert his title. It has been so held in many cases where the conduct of an equitable owner is fraudulent or where his conduct had been such that to permit him to assert his title would bring about a fraudulent result.

One may not maintain silence when it is his duty to speak, or claim the benefit of his own negligence to the injury of another. In such cases an estoppel will arise in favor of the party who otherwise would be defrauded or injured. No such facts appear here, however. Elsie Ward did not know of the assignment to the Equitable Trust Company. She had no opportunity to protest or assert her claim.

Moreover, the record does not disclose that the appellant Equitable Trust Company has been injured in any way or will be injured in any way by the assertion of the claim of Elsie Ward. As petitioner suggests, the debt due to it may be paid in full for aught that can be determined from the record before us. The cases cited by the appellant and on which it relies are all easily distinguishable from the facts of the instant case.

The decree of the trial court will therefore be affirmed.

*Affirmed.*

McSURELY and JOHNSTON, JJ., concur.